ADAM H. SPRINGEL, ESQ., NBN 7187
aspringel@springelfink.com
SPRINGEL & FINK LLP
2475 Village View Drive
Suite 250
Henderson, Nevada 89074
Telephone: (702) 804-0706
Facsimile: (702) 804-0798

Attorneys for Defendants
Scott J. Ferrell
Michael Campos
Thomas Hess
Sara Jordan

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| METABOLIC RESEARCH, INC., a Nevada Corporation,<br><br>    Plaintiff,<br>vs.<br><br>SCOTT J. FERRELL, MICHAEL CAMPOS, THOMAS HESS, SARA JORDAN, DOES I-V, inclusive, DOE ENTITIES VI-X, inclusive,<br><br>    Defendants. | Case No.: 09-cv-02453-JCM-PAL<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Complaint Filed: November 16, 2009 |

Defendants Scott Ferrell, Michael Campos, Thomas Hess and Sara Jordan (hereinafter collectively "defendants") now answer the Complaint against them, and deny any and all such allegations, and further admit or deny the specific allegations of the Complaint and state affirmative defenses, as follows:

## ANSWER

## PRELIMINARY STATEMENT

1. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the complaint and on that basis denies such allegations.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the complaint and on that basis denies such allegations.

3. Admitted that Plaintiffs have filed a complaint against Defendants under NRS §207.470 seeking treble damages. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 3 of the complaint.

4. Admitted that Defendant Scott Ferrell is an attorney in the state of California. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 4 of the complaint.

5. Defendants deny each and every allegation contained in paragraph 5.

6. Defendants deny each and every allegation contained in paragraph 6.

## THE PARTIES

7. Admitted for jurisdictional purposes only.

8. Defendant Scott Ferrell admits that he is a citizen and resident of Newport Beach, California. Admitted that Scott Ferrell authored a letter dated October 20, 2009. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 8.

9. Admitted that Defendant Michael Campos is a citizen and resident of the State of California. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 9.

10. Defendant Thomas Hess is a citizen and resident of the State of California. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 10.

11. Defendant Sara Johnson is a citizen and resident of the State of California. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 11.

12. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the complaint and on that basis deny such allegations.

## JURISDICTION AND VENUE

13. Defendants deny each and every allegation contained in paragraph 13 of the complaint and on that basis deny such allegations.

14. Defendants deny each and every allegation contained in paragraph 14 of the complaint and on that basis deny such allegations.

## FACTUAL ALLEGATIONS

A. **Plaintiff Metabolic Research**

15. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the complaint and on that basis deny such allegations.

16. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the complaint and on that basis deny such allegations.

17. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the complaint and on that basis deny such allegations.

1    18.    Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the complaint and on that basis deny such allegations.

2    19.    Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the complaint and on that basis deny such allegations.

3    20.    Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the complaint and on that basis deny such allegations.

4    21.    Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the complaint and on that basis deny such allegations.

5    22.    Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the complaint and on that basis deny such allegations.

6    23.    Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the complaint and on that basis deny such allegations.

**B.    "The Extortion Letters"**

24.    Defendants admit that a letter was mailed to Plaintiff on or about October 20, 2009 in accordance with the notice requirement set forth in Cal. Civil Code § 1782 as a prerequisite for bringing an action under California's Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750 *et seq.* (hereafter "CLRA notice letter").

25.    Defendants admit that the quoted text was included in their CLRA notice letter to Plaintiff. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 25 of the complaint.

26. Defendants admit that the quoted text was included in their CLRA notice letter to Plaintiff. Except as expressly admitted, Defendants deny each and every allegation contained in paragraph 26 of the complaint.

27. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the complaint and on that basis deny such allegations.

28. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the complaint and on that basis deny such allegations.

29. Defendants deny each and every allegation contained in paragraph 29 of the complaint.

C. **"No Privilege Under California Law"**

30. Defendants deny each and every allegation contained in paragraph 30 of the complaint.

D. **"No Privilege Under Nevada Law"**

31. Defendants deny each and every allegation contained in paragraph 31 of the complaint.

## CLAIM ONE

## RACKETEERING

32. Answering paragraph 32 of the complaint, Defendants incorporate by reference their responses to paragraphs 1 through 31.

33. Defendants state that the allegations of paragraph 33 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, admitted.

34. Defendants state that the allegations of paragraph 34 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, admitted.

1  35. Defendants state that the allegations of paragraph 35 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, admitted.

3  36. Defendants state that the allegations of paragraph 36 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, admitted.

5  37. Defendants state that the allegations of paragraph 37 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, admitted.

7  38. Defendants state that the allegations of paragraph 38 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, admitted.

9  39. Defendants state that the allegations of paragraph 39 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, admitted.

11  40. Defendants deny each and every allegation contained in paragraph 40 of the complaint.

13  41. Defendants deny each and every allegation contained in paragraph 41 of the complaint.

15  42. Defendants deny each and every allegation contained in paragraph 42 of the complaint.

17  43. Defendants deny each and every allegation contained in paragraph 43 of the complaint.

19  44. Defendants deny each and every allegation contained in paragraph 44 of the complaint.

21  45. Defendants deny each and every allegation contained in paragraph 45 of the complaint.

23  46. Defendants deny each and every allegation contained in paragraph 46 of the complaint.

## CLAIM TWO

## RACKETEERING CONSPIRACY

47. Answering paragraph 47 of the complaint, Defendants incorporate by reference their responses to paragraphs 1 through 46.

48. Defendants deny each and every allegation contained in paragraph 48 of the complaint.

49. Defendants deny each and every allegation contained in paragraph 49 of the complaint.

50. Defendants deny each and every allegation contained in paragraph 50 of the complaint.

## CLAIM THREE

## CIVIL EXTORTION

51. Answering paragraph 51 of the complaint, Defendants incorporate by reference their responses to paragraphs 1 through 50.

52. Defendants deny each and every allegation contained in paragraph 52 of the complaint.

53. Defendants deny each and every allegation contained in paragraph 53 of the complaint.

54. Defendants deny each and every allegation contained in paragraph 54 of the complaint.

55. Defendants deny each and every allegation contained in paragraph 55 of the complaint.

# CLAIM FOUR
## TORTIOUS INTERFERENCE WITH CONTRACTS AND PROSPECTIVE ECONOMIC RELATIONS

56. Answering paragraph 56 of the complaint, Defendants incorporate by reference their responses to paragraphs 1 through 55.

57. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the complaint and on that basis deny such allegations.

58. Defendants deny each and every allegation contained in paragraph 58 of the complaint.

59. Defendants deny each and every allegation contained in paragraph 59 of the complaint.

60. Defendants deny each and every allegation contained in paragraph 60 of the complaint.

61. Defendants deny each and every allegation contained in paragraph 61 of the complaint.

62. Defendants deny each and every allegation contained in paragraph 62 of the complaint.

63. Defendants deny each and every allegation contained in paragraph 63 of the complaint.

## CLAIM FIVE (Erroneously labeled "Claim Six" in the Complaint)
## DECLARATORY RELIEF

64. Answering paragraph 64 of the complaint, Defendants incorporate by reference their responses to paragraphs 1 through 63.

65. Defendants deny each and every allegation contained in paragraph 65 of the complaint.

66. Defendants state that the allegations of paragraph 66 of the Complaint are legal conclusions to which no response is required; to the extent a response is required, admitted.

67. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the complaint and on that basis deny such allegations.

68. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the complaint and on that basis deny such allegations.

69. Defendants deny each and every allegation contained in paragraph 69 of the complaint.

**CLAIM SIX (Erroneously Labeled "Claim Seven" in the Complaint)**

**PUNITIVE DAMAGES**

70. Answering paragraph 70 of the complaint, Defendants incorporate by reference their responses to paragraphs 1 through 69.

71. Defendants deny each and every allegation contained in paragraph 71 of the complaint.

72. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the complaint and on that basis deny such allegations.

73. Defendants deny each and every allegation contained in paragraph 73 of the complaint.

**WHEREFORE**, as set forth further below, Defendants pray that Plaintiff take nothing on its complaint and that judgment be entered in favor of Defendants.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses:

### First Affirmative Defense

(SLAPP Violation)

Each of the purported causes of action brought by Plaintiff arises from Defendant's good faith communication in furtherance of their right to petition pursuant to California's Consumer Legal Remedies Act, and thus the suit represents a Strategic Lawsuit Against Public Participation under Nev. Rev. Stat. Ann. § 41.635, et seq. and California Code of Civil Procedure §425.16.

### Second Affirmative Defense

(Failure to State a Claim)

Each of the purported causes of action set forth in the complaint fails to allege facts sufficient to state a claim upon which a claim for relief can be granted.

### Third Affirmative Defense

(Unclean Hands)

Each of the purported causes of action is barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

(First Amendment Privilege)

Each of the purported causes of action arises from Defendants' privileged exercise of their right to petition guaranteed by the First Amendment of the United States Constitution.

### Fifth Affirmative Defense

(Estoppel)

Each of the purported causes of action set forth in the complaint is barred by the doctrine of estoppel.

### Sixth Affirmative Defense

(No Injury)

Plaintiffs were not injured or damaged as a result of any action, omission or conduct by

Defendants.

## Seventh Affirmative Defense

(Laches)

Each of the purported causes of action is barred by the doctrine of laches.

## Eighth Affirmative Defense

(Imposition of Punitive Damages)

Permitting recovery of punitive or exemplary damages in this case would contravene Defendants' constitutional rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, other provisions of the United States Constitution, and applicable state law.

## Ninth Affirmative Defense

(Punitive Damages Unavailable)

No act or omission of Defendants was malicious, willful, wanton, or with actual malice, fraud or oppression as required to support an award of punitive damages. Defendants also specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under California or Nevada law, including California Civil Code sections 3294 and 3295.

## Tenth Affirmative Defense

The Complaint is barred by the provisions of California Civil Code §1782 and should be dismissed forthwith pursuant to the immunity that Defendants enjoy under the terms of that statute.

## Eleventh Affirmative Defense

Any statements or petitions made by Defendants are protected by an absolute and/or qualified privilege.

## Twelfth Affirmative Defense

Defendants are entitled to an award of compensation, attorney's fees, and punitive damages in the event that they prevails on a motion to dismiss this action pursuant to the terms of Nev. Rev.

Stat. Ann. § 41.635, et seq. and California Code of Civil Procedure §425.16.

### Thirteenth Affirmative Defense

Any and all claims made against Defendants in the Complaint must fail as Defendants did not act with intent or malice.

### Fourteenth Affirmative Defense

(Litigation Privilege)

Any statements or petitions made by Defendants are protected by the litigation privilege enumerated in California Civil Code 47(b), and in the common law.

### Fifteenth Affirmative Defense

(No Entitlement to Prejudgment Interest)

Any claim to prejudgment interest is barred as to any purported cause of action for which relief is not available.

### Sixteenth Affirmative Defense

Defendants allege that this action has been commenced in a county which is not proper for venue in that the defendant has no connection with this District and the subject of the claim did not arise in this District. Defendants request that the court transfer the action to the District Court of California, Central District, the county in which the claim arose.

### Seventeenth Affirmative Defense

Defendants allege that the court lacks jurisdiction over the person of the defendants for the reason that defendants, and each of them, is a resident of California and is not subject to jurisdiction in Nevada.

### Eighteenth Affirmative Defense

Defendants have not completed their investigation and discovery regarding the allegations and claims asserted by Plaintiff. Accordingly, Defendants reserve the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery.

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. Denying Plaintiff any relief against Defendants, whether declaratory, injunctive or otherwise;
2. That the complaint be dismissed with prejudice;
3. For costs of suit incurred herein, including reasonable attorneys' fees; and
4. That Defendants have such other further relief as the Court deems proper.

Dated: January 5, 2010

**SPRINGEL & FINK LLP**

By: _____
ADAM H. SPRINGEL, ESQ., NBN 7187
aspringel@springelfink.com
SPRINGEL & FINK LLP
2475 Village View Drive, Suite 250
Henderson, Nevada 89074
Telephone: (702) 804-0706
Facsimile: (702) 804-0798
*Attorneys for Defendants*
Scott J. Ferrell, Michael Campos, Thomas Hess and Sara Jordan